FILED
CLERK, U.S. DISTRICT COURT

FEB - 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HEIDI SWAIN, | ) | No. CV 07-06047-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

## SUMMARY OF PROCEEDINGS

In November 2004, following an adverse administrative determination, a judgment adverse to plaintiff was entered in the

district court in case number CV 04-04405-CT.[1] On September 24, 2007, plaintiff, Heidi Swain ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits on her March 17, 2005, application by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On December 31, 2007, plaintiff filed a brief in support of remand for further proceedings. On January 30, 2008, the Commissioner filed a brief.

## SUMMARY OF ADMINISTRATIVE RECORD

1. **Proceedings**

On March 17, 2005, plaintiff filed a new application for Supplemental Security Income ("SSI"), alleging disability since March 1, 2000, due diabetes, blurry vision, high blood pressure and a thyroid problem. (TR 10, 53-58, 101).[2] The application was administratively denied. (TR 37-48).

On October 14, 2005, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 51). On January 24, 2007, plaintiff, represented by present counsel, appeared and testified before an ALJ. (TR 204-20). The ALJ also considered vocational expert ("VE") testimony. On February 12, 2007, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, because she could

---

[1] Counsel for plaintiff in case number CV 04-04405-CT also represents plaintiff in this case in district court and administratively. The adverse judgment in CV 04-04405-CT was not mentioned in counsel's brief in CV 07-06047-CT and it appears the administrative law judge was unaware of it.

[2] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

perform her past relevant light work as a customer service representative. Thus, plaintiff was not eligible for benefits. (TR 13-16).

On April 9, 2007, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 8-9). On August 2, 2007, the request was denied. (TR 4-6). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and order and, except as otherwise noted, summarizes some of the evidence in the case with respect to the March 2005 application for benefits.

PLAINTIFF'S CONTENTIONS

Plaintiff essentially contends as follows:

1. The ALJ failed to properly evaluate plaintiff's musculoskeletal impairment;
2. Plaintiff contends that the ALJ failed to fully develop the record regarding plaintiff's visual impairment;
3. The ALJ failed to give proper weight to the opinion of plaintiff's treating physician, Virginia Russell, M.D.; and,
4. The ALJ erred in assessing plaintiff's credibility.

STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v.

Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## DISCUSSION

### 1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving Social Security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the person is unable to perform other work. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2. Issues

    A. Musculoskeletal Impairment and Possible Glaucoma (Issues 1 & 2)

Plaintiff asserts that the ALJ failed to properly evaluate plaintiff's musculoskeletal impairment because he failed to find that this impairment is "severe" as that term is defined by the Act. Plaintiff also asserts the ALJ failed to consider evidence of glaucoma.

A severe impairment or combination of impairments is one that significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 C.F.R. § 416.921(b); Bowen v.

Yuckert, 482 U.S. at 141-42. The ALJ has a duty to fully and fairly develop the record. See Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, plaintiff did not include a musculoskeletal impairment as a basis for seeking benefits. (TR 53-58, 101). While the Commissioner is not expected to be clairvoyant with respect to grounds not asserted by plaintiff, the record reflects that in her request for a hearing, she alleged that her right knee and legs hurt. (TR 51). Furthermore, the record does reflect plaintiff's September 30, 2005, report that the arthritis in her legs and right knee has become worse (TR 110, 116), the consultative examiner's July 18, 2005, report that her right knee is warm (TR 155), and a July 18, 2005, radiology report reflecting "marked disc space narrowing at L4-L5" as well as "moderately advanced osteoarthritic changes of the tibiofemoral and patellofemoral joints." (TR 154).

The record also reflects that plaintiff has suspected glaucoma. (See e.g., TR 199). However, the record is devoid of plaintiff's opthalmologist's - or any other opthalmologist's - opinion concerning whether this suspected glaucoma limits plaintiff's residual functional capacity ("RFC").

Accordingly, remand is warranted on these issues for further development of the record.

B. **Treating Physician's Opinion and Plaintiff's Credibility Issues 3 & 4**

Plaintiff asserts that the ALJ failed to give proper weight to the opinion of plaintiff's treating physician, Virginia Russell, M.D., or give sufficient reasons for finding plaintiff not fully credible.

Dr. Virginia Russell, plaintiff's primary care physician, opined that plaintiff <u>could</u> perform low stress jobs (TR 177-78) but was more limited with respect to plaintiff's RFC than that found by the ALJ. (TR 15, 179). After further development of the record, Dr. Russell's opinion as to plaintiff's RFC can be re-evaluated.

With respect to plaintiff's testimony, plaintiff claims she became disabled at the time she was fired from her last position (TR 101), and testified to disabling daily pain (TR 216) notwithstanding her treating physician's opinion that plaintiff can work. After the record is developed, if the ALJ continues to find plaintiff less than fully credible, the ALJ must make specific findings with respect to that conclusion. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996); <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1996).

## REMAND IS APPROPRIATE IN THIS CASE

The decision whether to remand a case for additional evidence is within the discretion of the court. <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1232 (9th Cir. 1987). Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).

Having considered the record as a whole, it appears that the present record is insufficiently developed. If it is determined on remand that plaintiff is entitled to benefits, an onset date should be determined taking into account the impact, if any, of the adverse decision in case number CV 04-04405-CT.

## CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: Jan. 31, 2008

CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

## SOCIAL SECURITY ADMINISTRATION
### Office of Disability Adjudication and Review

### DECISION

**IN THE CASE OF**  **CLAIM FOR**

Heidi A. Swain  Supplemental Security Income
(Claimant)

   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
(Wage Earner)  (Social Security Number)

### STATEMENT OF THE CASE

This case is before the undersigned upon request for hearing by the claimant, who is appealing a prior unfavorable determination made by the Administration. The undersigned has determined, based on the reasons set forth below that the claimant has not been under a "disability" within the meaning of the Social Security Act, as amended, at any time prior to the date of this decision.

### PROCEDURAL HISTORY

The claimant protectively filed an application for Supplemental Security Income payments on January 31, 2005, alleging an inability to work, beginning on March 1, 2000, due to right knee pain and pain in her legs, hypertension, blurry vision, thyroid abnormalities and diabetes. The application was denied by the State Agency in a determination on August 8, 2005. As this matter was designated a Disability Redesign Prototype Case, no reconsideration determination was issued. The claimant filed a request for hearing within the statutory time period on September 30, 2005. Thereafter, on January 24, 2007, a Hearing was held before the undersigned Administrative Law Judge in West Los Angeles, California. The claimant, who appeared and testified, was represented in this matter by Attorney Jerry Persky. Also appearing at the hearing was Ronald Hatakeyama, an impartial vocational expert. The Administrative Law Judge has thoroughly reviewed all of the evidence in this matter, including the records in the file labeled as exhibits, the arguments made on behalf of the claimant, and the oral testimony.

See Next Page

EXHIBIT

Heidi A. Swain (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)                               Page 2 of 4

                                                                    14

## ISSUES

The general issues are whether the claimant is disabled under section 1614(a)(3)(A) of the Act. The specific issue is whether Ms. Swain is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

Upon reviewing all of the evidence of record, the undersigned Administrative Law Judge concludes the claimant is not disabled within the meaning of the Social Security Act.

## DISCUSSION

The claimant, born on May 1, 1941, was 63 years of age, or an individual "closely approaching retirement age" as defined by Social Security Regulations (20 CFR 416.963), as of her disability onset date; she is currently 65 years of age. The claimant has a high school education plus some college and past relevant work experience as a customer service representative (financial institution). The record contains no indication that she has engaged in any substantial gainful activity at any time since January 31, 2005. Accordingly, a determination as to whether or not she is "disabled," as defined by Social Security law, cannot be made based upon work activity alone. Given the benefit of the doubt, the claimant has been found to have a history of diabetes, an impairment which does not meet or equal any of the relevant listings. The record, when considered as a whole, reflects that the claimant does not have a severe mental impairment. There is very little evidence from her treating sources to support the extent of the claimant's alleged impairments.

The claimant testified that she suffers from debilitating symptoms secondary to her right knee pain and pain in her legs, hypertension, blurry vision, thyroid abnormalities and diabetes. She stated that she experiences numbness in her fingers and toes. She also has decreased vision. She urinates frequently, about every hour. She has pain in her legs, fingers and toes. She has difficulty walking for more than two blocks and needs to wear diabetic shoes. She can not stand for more than 15-30 minutes at a time. She could sit for a total of two hours. She experiences pain frequently.

The undersigned finds the claimant's testimony was not fully credible. With regard to the claimant's allegations of disabling physical problems, the undersigned considered the opinion of James M. Paule, M.D., who consultatively examined the claimant on July 18, 2005. After performing a comprehensive examination addressing the claimant's allegedly disabling history of back pain, hypertension, chest pain and diabetes, Dr. Paule reported that the claimant's extremities revealed no significant abnormalities, with normal ranges of motion throughout, and no deformities. He also appreciated no signs of joint effusions, warmth, swelling, crepitus, laxity, or pain on motion. The claimant's cervical and lumbar curvatures revealed normal ranges of motion. Straight leg raise was negative bilaterally. Her shoulders revealed no tenderness and/or crepitations. Her hypertension was well controlled at 142/80. Regarding her vision, her extraocular muscle movements were intact, her pupils were round and reactive to light, and no scleral icterus. Her visual acuity was 20/30 of the right eye and 20/30 of the left eye. Although

See Next Page



Heidi A. Swain (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)      Page 3 of 4

.15

the claimant was diagnosed with a history of diabetes mellitus, type II with peripheral neuritis and glaucoma; degenerative joint disease of the right knee; hypertension; patellofemoral syndrome on the left knee; lumbar spondylosis; atypical chest pain; hypothyroidism and obesity, Dr. Paule opined that the claimant could lift and carry 20 lbs. occasionally and 10 lbs. frequently. She could walk and stand for six hours in an eight-hour workday with appropriate breaks. She could sit for six hours in an eight-hour workday. Her functional ability assessment mirrored the State Agency medical consultant, which found Ms. Swain capable of performing light work activities (Exhibits 2F and 3F).

The undersigned acknowledges that the claimant's treating physician, Virginia Russell, M.D. opined that the claimant was not even capable of lifting 10 lbs. frequently (Exhibit 5F). However, the medical findings submitted by this physician do not support a finding that the claimant's medical condition is of disabling severity nor does this physician provide an assessment of the claimant's residual functional capacity which is compatible with the record as a whole. Her assertion does not appear to take into account the other factors which must be considered by the undersigned, such as the other medical reports and opinions as well as the vocational factors involved. Accordingly, even though this physician's opinion has been duly considered, despite the lack of accompanying objective evidence to support this physician's assessment, in view of the overall record, Dr. Russell's opinion is not found to be persuasive.

The claimant's allegations of symptoms simply do not support an allegation that she is incapable of performing any work activity. Significantly, her medical history and the objective medical evidence offer no basis for drawing reasonable conclusions regarding the extent of her alleged symptoms. In fact, the physical examination performed by Dr. Paule revealed no severe abnormalities to the extent alleged (Exhibit 2F). Dr. Paule reported that despite the claimant's history of impairments, the claimant nevertheless had no restrictions in her ability to perform work related activities and did not need a cane for ambulation. She does not use strong pain medication. The undersigned finds that it is the claimant's burden to have medical evidence to show the severity of her impairments. These factors have been taken into account in the weighing of the claimant's credibility and determination of her residual functional capacity.

The undersigned finds that the claimant retains the residual functional capacity to perform the exertional demands of light work activities, i.e., standing and/or walking at least 6 hours in an 8 hour work day; sitting at least 6 hours in an 8 hour work day, using hands and feet for pushing and pulling arm and leg controls, and lifting 20 pounds occasionally with frequent lifting of up to 10 pounds. The undersigned bases this determination on the State Agency's and Dr. Paule's determinations of the claimant's residual functional capacity (Exhibits 2F and 3F).

The undersigned finds that the claimant retains a residual functional capacity for light work activity. The claimant's past work as a customer service representative did not require in excess of the claimant's residual functional capacity, as performed.

The undersigned therefore finds that the claimant has not been under a "disability" within the meaning of the Social Security Act, as amended, at any time prior to the date of this decision.

See Next Page


EXHIBIT

Heidi A. Swain (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)  Page 4 of 4-

16

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1. The claimant has been found to have a history of diabetes, an impairment which does not meet or equal any of the relevant listings.

2. The claimant's subjective statements regarding symptoms have been carefully considered, but to the extent that those statements constitute an allegation that the claimant has been precluded from engaging in all substantial gainful activity by an impairment (s) for a period of 12 continuous months, they are found to be neither credible nor reliable (Social Security Ruling 96-7p).

3. The claimant was 63 at the time of her alleged onset date and has received more than a high school education, and retains a residual functional capacity for light work activity. The claimant is able to perform her past work as a customer service representative, as performed.

4. The claimant has not been under a "disability" within the meaning of the Social Security Act, as amended, at any time on or before the date of this decision.

## DECISION

It is the decision of the Administrative Law Judge that, based on the application protectively filed on January 31, 2005, the claimant is not eligible for Supplemental Security Income payments under Sections 1602 and 1614(a)(3)(A) of the Social Security Act.



Richard L. Leopold
Administrative Law Judge

FEB 1 2 2007
Date

EXHIBIT